1  FREEDMAN + TAITELMAN, LLP
   Bryan J. Freedman, Esq. (SBN: 151990)
2  bfreedman@ftllp.com
   Jesse A. Kaplan, Esq. (SBN: 255059)
3  jkaplan@ftllp.com
   1801 Century Park West, 5th Floor
4  Los Angeles, CA 90067
   Telephone: (310) 201-0005
5  Facsimile:  (310) 201-0045

6  Attorney for Non-Party Bryan Freedman

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEN DOGRA, an individual<br><br>Plaintiff/Counter-Respondent<br><br>vs.<br><br>RUSTY HARDIN; RUSTY HARDIN AND ASSOCIATES, LLP; and DOES 1 through 20, inclusive,<br><br>Defendants/Counterclaimants. | USDC, E.D. Missouri<br>Case No. Case No.: 4:21-CV-00949<br><br>Case No.: TBD<br><br>**DISCOVERY MATTER: NON-PARTY BRYAN FREEDMAN'S APPLICATION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL PURSUANT TO LOCAL RULE 79-5.2.1(a)(ii); AND DECLARATION OF JESSE KAPLAN**<br><br>[Joint Stipulation; Motion for Protective Order and Quash the Subpoena; Declarations of Ben Dogra; Bryan J. Freedman and Jesse A. Kaplan; and Victoria Emery; and [Proposed] Order filed concurrently]<br><br>Date:   TBD<br>Time:   TBD<br>Courtroom: TBD |

1    PLEASE TAKE NOTICE that pursuant to Local Rule 79-5.2.1(a)(ii), non-party Bryan Freedman ("Freedman") respectfully submits this Application for an order to seal certain documents that were attached as exhibits to declarations filed in connection with Freedman's concurrently filed Motion for a protective order and to quash a subpoena.  Specifically, Freedman seeks to file the following documents under seal, which were exchanged through discovery subject to a protective order issued in a certain civil action that is currently pending in the the United States District Court for the Eastern District of Missouri, Case No.: 4:21-CV-00949 JCH (the "Missouri Lawsuit"):

　　　i)    Exhibit 7 to the Declaration of Jesse A. Kaplan ("Kaplan Decl."): Expert Report of Gerald Carmody;

　　　ii)   Exhibit 8 of the Kaplan Decl.:  Freedman + Taitelman, LLP's billing records to client Ben Dogra in connection with a certain arbitration proceeding; and

　　　iii)  Exhibit C of the Declaration of Victoria Emery:  a privileged e-mail chain dated March 23, 2016 between counsel for Ben Dogra and Dogra.

　　A district court has discretion to order documents filed under seal.  *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Generally, a party seeking to seal a judicial record must establish "compelling reasons" therefor.  *Id*.  This requires the party to "articulate[ ] compelling reasons supported by specific factual findings [or legal justification] . . . that outweigh the general history of access and the public policies favoring disclosure, such as the 'public interest in understanding the judicial process.'" *Id*. at 1178-79 (internal quotations and citations omitted). This standard requires the court to balance "the competing interests" of the public and the party who seeks to keep certain judicial records confidential. *Foltz v. State Farm Mut. Auto. Ins. Co*., 331 F.3d 1122, 1135 (9th Cir. 2003).  What constitutes a "compelling reason" is "best left to the sound

1  discretion of the trial court." *Nixon*, 435 U.S. at 599, 98 S.Ct. 1306. Examples
2  include when a court record might be used to "gratify private spite or promote
3  public scandal," to circulate "libelous" statements, or "as sources of business
4  information that might harm a litigant's competitive standing." *Id*. at 598–99, 98
5  S.Ct. 1306.

6       A lesser standard, however, applies to materials attached to non-dispositive
7  discovery motions.  *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092,
8  1097 (9th Cir. 2016); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135
9  (9th Cir. 2003)("We held that 'when a party attaches a sealed discovery document to
10 a nondispositive motion, the usual presumption of the public's right of access is
11 rebutted.' *Id*. (emphasis added). We reasoned that the presumption of access was
12 rebutted because '[w]hen a court grants a protective order for information produced
13 during discovery, it already has determined that 'good cause' exists to protect this
14 information from being disclosed to the public by balancing the needs for discovery
15 against the need for confidentiality.'" *Id*.).  Under this exception, a party need only
16 satisfy the less exacting "good cause" standard.  *Foltz,* 331 F.3d at 1135. The "good
17 cause" language comes from Rule 26(c)(1), which governs the issuance of
18 protective orders in the discovery process: "The court may, for good cause, issue an
19 order to protect a party or person from annoyance, embarrassment, oppression, or
20 undue burden or expense...." Fed.R.Civ.P. 26(c).

21      Here, Freedman only seeks to seal three exhibits in connection with a
22 discovery motion, not a dispositive motion on the merits.  Accordingly, the good
23 cause standard applies.  Freedman has demonstrated good cause.  The Missouri
24 Action concerns a claim for malpractice and fee disputes in an underlying arbitration
25 proceed between Dogra and non-party CAA Sports, LLC ("CAA") entitled *Ben
26 Dogra v. CAA Sports, LLC*, AAA Case No. 01-15-0002-7781 (the "Arbitration").
27 The Court in the Missouri Action entered a Protective Order.  The above-referenced
28 documents that are subject to this sealing application were exchanged through

discovery in the Missouri Action and designated as "Confidential Discovery Materials" or "Attorneys' Eyes Only Discovery Materials" under the Protective Order in the Missouri Action.

    The above-referenced documents that are subject to this sealing application all reflect or contain confidential communications between Dogra and his counsel in the Arbitration and/or confidential communications between Dogra's counsel in the Arbitration. These documents are all protected by the attorney-client privilege and attorney work product doctrine. While there may have been a limited waiver of the privilege so as to permit defendants in the Missouri Lawsuit to defend against Dogra's malpractice claims, Dogra does not intend to fully waive the privilege so that the world, including CAA, Dogra's adversary in the Arbitration, can see confidential and privileged materials.

    For the foregoing reasons, Freedman respectfully requests that the Court grant this Application for Leave to File Under Seal.

Date: October 11, 2022          FREEDMAN + TAITELMAN, LLP

By: _____
Jesse A. Kaplan, Esq. (255059)
FREEDMAN + TAITELMAN, LLP
Attorney for Non-Party Bryan Freedman
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Telephone: (310) 201-0005
Facsimile: (310) 201-0045
Email: bfreedman@ftllp.com
       jkaplan@ftllp.com

**DECLARATION OF JESSE KAPLAN**

I, Jesse Kaplan, declare as follows:

1. I am an attorney admitted to practice before all the courts of the State of California and before this Court. I am a partner in the law firm of Freedman + Taitelman, LLP, and I am counsel of record for non-party Bryan Freedman and plaintiff Ben Dogra. The facts stated below are true of my own personal knowledge, and, if called to testify, I could and would competently testify to these facts.

2. Freedman is concurrently filing a Motion for a protective order and to quash (the "Motion") a subpoena that was issued in a certain civil action that is currently pending in the the United States District Court for the Eastern District of Missouri, Case No.: 4:21-CV-00949 JCH (the "Missouri Lawsuit"). Specifically, Freedman seeks to file the following documents under seal, which were exchanged through discovery subject to a protective order issued in a certain civil action that is currently pending in the the United States District Court for the Eastern District of Missouri, Case No.: 4:21-CV-00949 JCH (the "Missouri Lawsuit"):

- Exhibit 7 to the Declaration of Jesse A. Kaplan ("Kaplan Decl."): Expert Report of Gerald Carmody;
- Exhibit 8 of the Kaplan Decl.: Freedman + Taitelman, LLP's billing records to client Ben Dogra in connection with a certain arbitration proceeding; and
- Exhibit C of the Declaration of Victoria Emery: a privileged e-mail chain dated March 23, 2016 between counsel for Ben Dogra and Dogra.

3. The Missouri Action concerns a claim for malpractice and fee disputes in an underlying arbitration proceeding with the American Arbitration Association ("AAA") in St. Louis, Missouri entitled *Ben Dogra v. CAA Sports, LLC*, AAA Case No. 01-15-0002-7781 (the "Arbitration").

///

4. The Court in the Missouri Action entered a Protective Order, a true and correct copy of which is attached hereto as **Exhibit 1**.

5. The above-referenced documents that are subject to this sealing application were exchanged through discovery in the Missouri Action and designated as "Confidential Discovery Materials" or "Attorneys' Eyes Only Discovery Materials" under the Protective Order in the Missouri Action.

6. The above-referenced documents that are subject to this sealing application all reflect or contain confidential communications between Dogra and his counsel in the Arbitration and/or confidential communications between Dogra's counsel in the Arbitration. These documents are all protected by the attorney-client privilege and attorney work product doctrine.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 11th day of October 2022, at Los Angeles, California.

Jesse A. Kaplan