FREEDMAN + TAITELMAN, LLP
Bryan J. Freedman, Esq. (SBN: 151990)
bfreedman@ftllp.com
Jesse A. Kaplan, Esq. (SBN: 255059)
jkaplan@ftllp.com
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Telephone: (310) 201-0005
Facsimile:  (310) 201-0045

Cwqtpg{u'hqt'Pqp/Rctv{'Dt{cp'Htggfocp

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEN DOGRA, an individual<br><br>Plaintiff/Counter-Respondent<br><br>vs.<br><br>RUSTY HARDIN; RUSTY HARDIN AND ASSOCIATES, LLP; and DOES 1 through 20, inclusive,<br><br>Defendants/Counterclaimants. | Case No. 2:22-mc-00193<br><br>USDC, E.D. Missouri<br>Case No.: 4:21-CV-00949<br><br>**DECLARATION OF BRYAN J. FREEDMAN IN SUPPORT OF JOINT STIPULATION REGARDING NON-PARTY BRYAN FREEDMAN'S MOTION FOR A PROTECTIVE ORDER AND TO QUASH THE FREEDMAN SUBPOENA**<br><br>[Joint Stipulation; Motion for a Protective Order and to Quash the Freedman Subpoena; Declarations of Ben Dogra; Jesse A. Kaplan and Victoria Emery; Application for Leave to File Under Seal; and [Proposed] Order filed concurrently]<br><br>Date:   TBD<br>Time:   TBD<br>Courtroom: TBD |

DECLARATION OF BRYAN J. FREEDMAN

I, Bryan J. Freedman, declare as follows:

1. I am an attorney at law, licensed to practice in the State of California. I am a partner of Freedman + Taitelman, LLP ("F+T"). I submit this Declaration in support of my Motion for a Protective Order and to Quash, and the positions set forth in the Joint Stipulation regarding same (the "Joint Stipulation"). I have personal knowledge of the facts stated herein and, if called upon to testify, could and would testify competently thereto.

2. I am a California resident and attorney. In particular, I reside in Los Angeles County, California.

3. I am attorney of record and lead trial counsel for plaintiff Ben Dogra in a certain lawsuit against defendants Rusty Hardin and Rusty Hardin and Associates, LLP (the "Hardin Defendants") that is currently pending in the the United States District Court for the Eastern District of Missouri, Case No.: 4:21-CV-00949 JCH (the "Malpractice Lawsuit"). I was admitted Pro Hac Vice to practice in the Malpractice Action.

4. The Malpractice Lawsuit lawsuit is based on a multi-year arbitration proceeding that plaintiff Dogra commenced against his former employer, CAA Sports LLC ("CAA"). In February 2015, defendants Rusty Hardin and Rusty Hardin and Associates, LLP (the "Hardin Defendants") initiated an arbitration proceeding on Dogra's behalf against CAA by filing a Demand for Arbitration with the American Arbitration Association ("AAA") in St. Louis, Missouri entitled *Ben Dogra v. CAA Sports, LLC*, AAA Case No. 01-15-0002-7781 (the "Arbitration").

5. F+T and I had limited involvement in the Arbitration, especially from its inception in February 2015 through the summer of 2020. Prior to August 2020, F+T and I were never attorneys of record in the Arbitration. Initially, F+T provided some consultation to Dogra and the Hardin Defendants on limited issues unrelated to the facts at issue in the Malpractice Lawsuit between July and December 2015 when the Arbitration was in its infancy. For a period of approximately four (4) years between

1  January 2016 and April 2020, F+T and I had virtually no involvement in the
2  Arbitration.  Between January and March 2016, F+T provided extremely limited
3  services to Dogra.

4      6.    For a period of approximately four years between late March 2016 and
5  early 2020, F+T rendered no services to Dogra.  F+T was not at any of the 2016
6  evidentiary hearings in the Arbitration.  F+T did not participate in the post-hearing
7  briefing in the arbitration.  F+T did not participate in any communications with
8  anyone concerning Dogra's coaching damages or any decision to accept the amount
9  of coaching damages proffered by CAA.  F+T had no participation in any discussions
10 concerning any strategy relating to Dogra's damage calculations.  Additionally, F+T
11 had no involvement in the audit that was completed in 2019 in the Arbitration.

12     7.    In 2020, Dogra brought F+T in to again represent Dogra in the
13 Arbitration and resolve certain issues that remained in dispute in the Arbitration.  In
14 August 2020, F+T became Dogra's attorney of record in the Arbitration for the first
15 time.[1]

16     8.    Between August 2020 and May 2021, F+T and attorney Bob Lattinville
17 represented Dogra in the Arbitration through completion.  While our work was not
18 insignificant, it had nothing to do with Dogra's coaching employment damages which
19 had been resolved in 2016.  Rather, the remaining disputes involved pre-judgment
20 interest, post-award interest, CAA's failure to collect commission from a certain
21 client/player, and Dogra's entitlement to certain sub-categories of CAA revenue (not
22 coaching employment revenue).  I was not primarily involved in that work.  Rather,
23 a vast majority of that work was undertaken by F+T partner, Jesse Kaplan, Bob
24 Lattinville and Kyle Evans, a non-practicing attorney on Dogra's legal team in the
25 Arbitration.

---

[1] Attorney Bob Lattinville remained as Dogra's attorney of record.

**2**
DECLARATION OF BRYAN J. FREEDMAN

I declare under penalty of perjury under the laws o; Propose f the United States of America that the foregoing is true and correct. Executed this 27th day of September, 2022, at Los Angeles, California.

_____
Bryan J. Freedman